```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   NOT FOR PUBLICATION
TYRONE SAMUELS,

                            Plaintiff,
                                                           MEMORANDUM AND ORDER
            -against-
                                                           06-CV-5596 (SLT)
CHARLES J. HYNES, Kings County District
Attorney, and JOHN BURGE, Superintendent of
Auburn Correctional Facility,

                            Defendants.
-----------------------------------------------------------X
TOWNES, United States District Judge:
```

Plaintiff Tyrone Samuels brings this *pro se* action submitted on a form for a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Plaintiff is a prisoner in the custody of New York state and currently incarcerated at Auburn Correctional Facility. However, this action does not challenge his conviction nor sentence, and thus is not properly brought as a petition pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the action is dismissed as frivolous.

## BACKGROUND

Plaintiff has previously filed two petitions in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 2254. The first, Samuels v. Artuz, No. 97 CV 2928 (CPS), was denied by Order dated September 12, 2001. A second petition, Samuels v. Burge, 05 CV 4140 (DLI), was transferred to the Court of Appeals for the Second Circuit, which denied plaintiff's application for authorization for the District Court to consider a successive petition.

This Court received the instant submission on October 13, 2006. Although plaintiff has hand-written responses to a standard form for filing a petition pursuant to 28 U.S.C. § 2254, his answers are not responsive to the form questions. Instead, in that form and in his 16-page "Cooperative Addendum," plaintiff ostensibly seeks relief "under the jurisdiction of a Court of

Admiralty as for instance, a maritime contract made at sea;" refers to himself variously as "the DEBTOR," "TRADE NAME/VESSELS," and "Secured Party Creditor;" and cites to alleged causes of action sounding in maritime law, fraud, contracts, English Common Law, and the Justinian Code. Plaintiff attaches additional hand-written documents including a "Request for Production of Document," a "Writ of Quo Warranto," and a "Notice to Provide Lawful Evidence."

The only relief Plaintiff seeks consists of a series of demands for proof of the authority of New York state "to hold Demandent in restraint, deprived of life, liberty, and the pursuit of happiness." ("Writ of Quo Warranto," at 5-6.)

## DISCUSSION

Title 28, Section 1915(e)(2)(B) of the United States Code requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

As should be readily apparent from a casual reading of the complaint, the claims in this case "rise to the level of the irrational or the wholly incredible." Id. Moreover, plaintiff fails to state a claim against the named defendants, nor even suggest any harm for which they might be held responsible. As near as this Court can determine, plaintiff challenges the authority of the

state of New York to institute any civil or criminal action against him. However, plaintiff offers no rational argument that would divest the state of its authority to enforce its laws as applied to him.

## **CONCLUSION**

For the reasons set forth above, plaintiff's submission, filed without prepayment of fees or a request to proceed *in forma pauperis*, must be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.

SO ORDERED.

/ SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
November 21, 2006